# United States Bankruptcy Court
## Northern District of Georgia

In re    **Patricia McKennies Burrell**

Debtor(s)

Case No.

Chapter    **13**

## CHAPTER 13 PLAN

**Extension** ☑                                        **Composition** ☐

      **You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may
for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the in**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earni
Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan**. Debtor will pay the sum of **$355.00    Monthly** to Trustee by ☑ Payroll Deduction(s) or by ☐ Direct P
commitment period of **36** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.
exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confi
payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

      The following alternative provision will apply if selected:

      ☐ IF CHECKED, Plan payments will increase by $__ in month __ upon completion or termination of __.

3. **Claims Generally**. **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim w
orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the
has agreed to a different treatment of its claim.

      (A).  **Trustee's Fees**. The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States

      (B).  Debtor's Attorneys' Fees. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ 4,
attorney fees, $310.00 Filing Fee, $27 credit report fee, $20 copy fee, $20 credit counseling fee, $5 tax transcript fee)    for the
2016(b) disclosure statement filed in this case. The amount of $ 385.00   was paid prior to the filing of the case. The Trustee s
amount of the fee, $ 4,095.00   as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following
Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on De
$ 4,095.00 after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining b
up to $ 233.00   per month until the fees are paid in full;(2) If the case is converted prior to confirmation of the plan, Debtor c

1                                                                                                          09.17.14

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

to Debtor's attorney from the funds available of $ 2,000.00  (amount not to exceed $2,000.00); (3) If the case is dismissed pr
fees for Debtor's attorney of $ 2,000.00  as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are
Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a
sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Deb
to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirm
pay to Debtor's attorney from the funds available.

**Debtor(s) and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non base services" as they are performed
"non-base services," in addition to the corresponding fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statemen
completion of a "non-base service," Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of
an opportunity to be heard on the matter.  If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of t
and paid in accordance with paragraph (B), above.  If the base fee has been paid in full, then the fee shall be paid up to $ 233.00  per m
creditors shall be reduced, pro rata, by the amount until the additional fee is paid in full**.

5. **Priority Claims**.

      (A). **Domestic Support Obligations**.

☑ None. If none, skip to Plan paragraph 5(B).

      (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

      (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and

| -NONE- |
| --- |

      (iii). Anticipated Domestic Support Obligation Arrearage Claims

      (a).  Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U
will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearag
executory contracts.

      ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment |
| --- | --- | --- |
| -NONE- | | |

2

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, unit.

☑ None; or

   Claimant and proposed treatment:       **-NONE-**

      (B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all sec and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| **Georgia Department of Revenue** | **0.00** |
| **Internal Revenue Service** | **428.72** |

6. **Secured Claims.**

      (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

         (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order fo Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to ma payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on s objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence o including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
| **Regional Acceptance** | **2011 Nissan Sentra 77000 miles** | **100.00** |

         (ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be p and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

         (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a pu vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is

3

09.17.14

was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of e
monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (
the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and su
distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Claim<br>amount | (e)<br>Interest rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by pers
paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the m
based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the r
portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmati
interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and susta
distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase<br>date | (d)<br>Replacement<br>value | (e)<br>Interest rate | (f)<br>Monthly<br>payment |
|---|---|---|---|---|---|
| **Regional Acceptance** | **2011 Nissan Sentra 77000 miles** | **Opened 11/27/12  Last Active 8/09/15** | **11,375.00** | **4.25%** | **100.00 increasing to 333.00 in January 2018** |

(c). **Other provisions**.

4

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

09.17.14

Best Case Bankruptcy

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly
payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan docume
date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim a
until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an or
requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| **-NONE-** | | | |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unle
Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior
obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay
collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the c
to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| **-NONE-** | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $ __5,302.87__ . Afte
Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ __0.00__ or __0.00__ %, whichever is greater. Trustee is au
amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the fi
by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the
to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing

☑ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| **Centennial Place Apartments** | **Residential Lease** | 478.00 | |

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Co

5

09.17.14

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

10. **Other Provisions**:

    (A). **Special classes of unsecured claims**.

    (B). **Other direct payments to creditors**.

    (C). **Other allowed secured claims:** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically unde
0.0% interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and pr
non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general un
the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

    (D). **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f):** The allowed secured claim of each creditor listed below shall r
secured claims which are being treated by the plan are satisfied.  If an order is entered avoiding the creditor's lien, that creditor's cla
unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan.  To the extent that the cre
otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph.  This paragraph shall apply to t
       **-NONE-**

    (E). **Other Provisions:**

Any federal tax refunds the debtor is entitled to receive during the applicable commitment period shall be paid into the Debtor's chapter 13 ca
and instructs the Internal Revenue Service to send any refund for said years to the Debtor's Chapter 13 Trustee. Upon written request to the C
retain up to $2,000.00 of a tax refund without a motion being filed.


Date   **December 18, 2015**                             Signature   **/s/ Patricia McKennies Burrell**
                                                          **Patricia McKennies Burrell**
                                                          Debtor

Attorney   **/s/Ross Warsett**
           **Ross Warsett 276487**

6

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

09.17.14

Best Case Bankruptcy